[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-13571

_____

D. C. Docket No. 01-03084 CV-GET-1

CASCADE CROSSING II, LLC,

Plaintiff-Appellee,

versus

RADIOSHACK CORPORATION,
f.k.a. Tandy Corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 18, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and GIBSON,[*] Circuit Judges.

PER CURIAM:

---

[*]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

This case is about the application of a statutory cap on attorneys' fees under O.C.G.A. § 13-1-11 to a contract dispute between Cascade Crossing II, LLC ("Plaintiff") and Radioshack Corp. ("Defendant"). Pursuant to a written lease agreement, Defendant leases space at a Georgia shopping mall owned by Plaintiff. The lease agreement authorizes the prevailing party in any legal action to recover all reasonable expenses, including attorneys' fees.

In 2000, Defendant informed Plaintiff that Plaintiff's lease with another tenant violated an exclusivity clause in the lease agreement. Plaintiff brought suit for declaratory judgment, back rent, and attorneys' fees and costs. The parties filed cross-motions for summary judgment on all claims, and the district court concluded that Defendant had waived its rights under the exclusivity clause for acts before November 2000 but had retained its rights after then. The district court denied both parties' requests for attorneys' fees and costs, concluding that neither party had "prevailed" in the underlying dispute.

On appeal, we concluded that Defendant had waived all of its rights under the exclusivity clause and determined that Plaintiff was the only prevailing party and was entitled to attorneys' fees and costs. Cascade Crossings II, LLC v. Radioshack Corp., 131 F. App'x 191, 194 (11th Cir. 2005). On remand,

Defendant argued that O.C.G.A. § 13-1-11 capped Plaintiff's fees. The district court concluded that O.C.G.A. § 13-1-11 did not apply.

We again vacated the district court's judgment and remanded because the district court had not explained the basis for concluding that O.C.G.A. § 13-1-11 did not apply. The district court confirmed its former decision, explaining that O.C.G.A. § 13-1-11 did not apply because Plaintiff, among other things, sought a declaration on the enforceability of part of the lease agreement and, therefore, that this civil action was not one merely to recover past due rent.

On appeal, we faced an issue of state law—whether O.C.G.A. § 13-1-11 applies to cap the award of attorneys' fees in this case—that we considered outcome determinative. Setting out the background in some detail, we certified the state law issue to the Supreme Court of Georgia. Cascade Crossing II, LLC v. Radioshack Corp., 480 F.3d 1228, 1230–32 (11th Cir. 2007).

The Supreme Court of Georgia clarified the applicable state law for us. See Radioshack Corp. v. Cascade Crossing II, LLC, 653 S.E.2d 680 (Ga. 2008) (holding that O.C.G.A. § 13-1-11 does apply to cap the award of attorneys' fees in this case.

In the light of the Georgia opinion, we conclude that O.C.G.A. § 13-1-11 applies to and limits the award of attorneys' fees and costs and, therefore,

precludes an award of full attorneys' fees and costs as provided for in the lease agreement. Therefore, we vacate the district court's judgment and remand for further proceedings.

VACATED and REMANDED.